UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MYRON MCNEAL, )
 )
    Plaintiff, )
 )
VS. ) No. 20-1043-JDT-cgc
 )
LEE DOTSON, ET AL., )
 )
    Defendants. )

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. §§ 1915(a)(1)-(2) OR PAY THE $400 CIVIL FILING FEE

On February 20, 2020, Plaintiff Myron McNeal, who is incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) However, Plaintiff neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds*

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee will not apply if Plaintiff ultimately is granted leave to proceed *in forma pauperis*.

by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and signed application to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.[2]

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment procedures, and dismiss the action without further notice

---

[2] If Plaintiff is unable to obtain a trust account statement from prison officials, he should so notify the Court. However, even if he cannot obtain a trust account statement, Plaintiff still must submit an *in forma pauperis* affidavit.

for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.[3]

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE

---

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).